In re Kenneth R. MELVIN & Bobbie Melvin, Debtors.

Kenneth R. MELVIN & Bobbie Melvin, Plaintiffs,

v.

BANK OF MOUNT DORA, Defendant.

Bankruptcy No. 81–00732–BKC–TCB.
Adv. No. 81–0218–BKC–TCB–A.

United States Bankruptcy Court, S. D. Florida.

July 14, 1981.

Britton, Cohen, Kaufman, Benson & Schantz, Miami, Fla., for defendant.

Bernard I. Rappaport, Miami, Fla., for plaintiffs.

William Seidle, trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Debtors seek the avoidance of a judgment lien against their home under 11 U.S.C. § 522(f)(1). (C.P. No. 1). The defendant lienor has answered. (C.P. No. 4). The matter was tried before me on July 9, 1981.

The facts were stipulated at trial. Defendant obtained and perfected a judgment lien for $1,453 against the debtors on March 1, 1976. Debtors then owned their present home, which then and now qualifies as a homestead under Article X, § 4(a)(1), Florida Constitution, which provides that the homestead is exempt from creditors' claims and no judgment shall be a lien against the homestead, with certain exceptions not applicable here. Debtors have duly claimed the exemption of their home.

■ It is defendant's position (C.P. No. 4) that § 522(f) cannot constitutionally be applied to a creditor's security interest acquired before the provision was enacted, November 6, 1978. I agree.

In *Rodrock v. Security Industrial Bank,* 10 Cir. 1981, 642 F.2d 1193, the court concluded that Congress intended that § 522(f) be applied retroactively and then defined the sole remaining issue in these words:

"There remains the issue of whether the provisions of Section 522(f)(2) can be constitutionally applied to a creditor's security interest which vested prior to the enactment date of the Reform Act, i. e., November 6, 1978."

The court held that it cannot be applied to a security interest which, like the one in this case, vested before November 6, 1978, citing *Louisville Joint Stock Land Bank v. Radford,* 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935). Though I have read with interest those published decisions of several colleagues in other districts who have reached a contrary conclusion, I have no difficulty in following the Tenth Circuit.

*Rodrock* dealt solely with § 522(f)(2), whereas the issue here is the applicability of § 522(f)(1). The fact that § 522(f)(2) permits avoidance of certain *contractual* liens which impair exemptions on certain personal property while (f)(1) permits avoidance of all *judicial* liens which impair exemptions affords no basis for distinction under the rationale of *Rodrock.*

■ Defendant did not comply with 28 U.S.C. § 2403 which requires notice to the Attorney General whenever "the constitutionality of an Act of Congress affecting the public interest is drawn in question". I will not delay decision here to await a decision of the Attorney General whether or

not to intervene, because (a) the Attorney General participated in *Rodrock*, and (b) less than four months ago, the Attorney General declined to intervene in *Matter of Howison*, 80–0308–BKC–JAG–A pending in this District before Judge Gassen. That case presented this same question. Judge Gassen also followed *Rodrock*.

I note that compliance with this statute is not a jurisdictional requirement. *Wallach v. Lieberman*, 2 Cir. 1966, 366 F.2d 254, 258. I will, therefore, direct that a copy of this decision be sent to the Attorney General in order that he may intervene in the event I have erroneously assumed his preference. For this purpose and for the Attorney General's benefit, the time for appeal from this order is extended an additional 20 days. B.R. 802(c).

It follows that the complaint must be dismissed with prejudice and, as is required by B.R. 921(a), a separate judgment will be entered to that effect.

■ Although defendant's judicial lien is not avoidable under § 522(f), it should be noted that the lien did not attach to the debtor's home (or so far as this record reflects any other property) before bankruptcy. Therefore, a bankruptcy discharge will effectively eliminate any further vitality in the judgment and the judgment lien. Under § 55.145, Florida Statutes, the judgment may be cancelled in the State court if that should prove necessary. *Albritton v. General Portland Cement Co.*, Fla.1977, 344 So.2d 574, 576–577.